UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KAREN PITTMAN                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:21-CV-819-DPJ-FKB

J.H.O.C., INC.                                                                                    DEFENDANT

ORDER

This employment-discrimination suit is before the Court on motion of Defendant J.H.O.C., Inc., to dismiss [7]. J.H.O.C. faults Plaintiff Karen Pittman for failing to complete service within 90 days as required by Rule 4(m) and says she included unexhausted discrimination claims in her Complaint. Pittman has responded in opposition. For the reasons explained, J.H.O.C.'s motion is granted as to the exhaustion issue and denied as to the service-of-process issue.

I.      Facts and Procedural History

Karen Pittman filed this lawsuit against her former employer, J.H.O.C., claiming she was "sexually harassed by a male co-worker." Compl. [1] at 3. Pittman complained about the harassment, and J.H.O.C. terminated the offending co-worker. *Id.* According to Pittman, her supervisors then began to retaliate against her. *Id.* She said "[o]ther employees would speak rudely towards [her] and when she tried to discipline the employees upper management would demean her authority in front of them." *Id.* Then, in May 2021, she claims she "followed correct protocol" by alerting another supervisor to "watch her line" while she went to lunch but was nevertheless called into the general manager's office to "explain her absence." *Id.* J.H.O.C. fired Pittman later that month. *Id.*

Aggrieved, Pittman filed a charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC), followed by this lawsuit. EEOC Charge [7-1]. But, stated simply, the factual allegations and the legal claims contained in Pittman's Complaint [1] do not match up.

Pittman's Complaint opens with the following statement: "Plaintiff . . . brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ('Title VII'), as amended, 42 U.S.C. § 2000 et seq for race, color, sex, religion, national origin, hostile work environment and retaliation for age discrimination, and the violation of the age discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq[.]" Compl. [1] at 1 (sic). In the "Facts" portion, she lays out the sexual-harassment and retaliation allegations described above. *Id.* at 3–4. But in a section titled "Discrimination in Violation of Title VII," Pittman claims J.H.O.C. discriminated against her based on her *race*, generically alleging she was subjected to "disparate working conditions," retaliation, and a hostile work environment. *Id.* at 4; *see id.* at 6 (alleging "Hostile Work Environment Based on Color"). And, in a section titled "Violation of Americans with Disabilities Act of 1990," she says "Defendant's harassment has created a hostile work environment," though she offers no factual averments supporting a disability claim. *Id.* at 6. Neither national origin nor religion are mentioned after the introductory paragraph.

After an initial delay, Pittman served J.H.O.C., which responded by filing the instant motion to dismiss. J.H.O.C. submits that Pittman failed to serve process, or even have a summons issued, within the ninety days provided by Federal Rule of Civil Procedure 4(m). In addition, J.H.O.C. says Pittman failed to exhaust her administrative remedies, noting her Complaint alleges race and disability discrimination but no such claims were referenced in her

2

EEOC charge. Pittman has responded in opposition. The Court has subject-matter jurisdiction over this lawsuit and is prepared to rule.

II.     Analysis

    A.     Service of Process

Pittman filed this lawsuit on December 26, 2021. When she did not have summons issued for J.H.O.C. (or serve J.H.O.C.) within 90 days as required by Rule 4(m), the Court entered an Order to Show Cause [2]. Soon thereafter, Pittman had a summons issued [3], served J.H.O.C. [5], and responded to the Court's Order [6]. In the show-cause response, Pittman's counsel explained that his father passed away in January 2022 and that same month he took a leave of absence to care for his mother who was undergoing treatment for cancer. Resp. [6] at 1–2 (stating that his mother was diagnosed in January and he served as her caregiver as she received treatment at M.D. Anderson from February 8 to March 28, 2022).

    Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Moreover, even if good cause is lacking, the court has discretionary power to extend time for service." *Havard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 318 (S.D. Miss. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)); *see Showers v. City of Bay St. Louis*, No. 1:19-CV-323-KS-RHW, 2020 WL 4354338, at *3 (S.D. Miss. July 29, 2020); *Sample v. Holmes Cnty.*, No. 3:12-CV-303-CWR-FKB, 2013 WL 4553500, at *2 (S.D. Miss. Aug. 28, 2013).

    J.H.O.C. urges dismissal, suggesting Pittman has not shown good cause and the circumstances "do not merit a discretionary extension of time for service." Mem. [8] at 4. The

Court disagrees. Pittman's counsel has adequately explained the reason for failing to effect service of process within 90 days, and his error can be described as excusable neglect under the circumstances. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) ("Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.") (internal quotation marks omitted). Moreover, Pittman caused a summons to be issued and served J.H.O.C. within days of the Show-Cause Order [2]. Dismissal for failure to effect service of process is unwarranted.

B. Failure to Exhaust

As mentioned, there is a disconnect between the factual allegations and the legal claims Pittman advances in her Complaint. Factually, she describes an incident of sexual harassment and subsequent retaliation. Her EEOC Charge echoes those allegations:

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | | | | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest 01-29-2021 | Latest 05-25-2021 |
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | | |
| ☐ OTHER *(Specify)* | | | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*
I began working for the employer on January 1, 2021 as a Supervisor. I was terminated on May 25, 2021.

On 1/29/2021 my co-worker reached over and touched my private parts and stated I had a fat cat. I reported it to my General Manager on January 31, 2021. The co-worker was terminated but during my time continuing to work for the employer I was retaliated against and ultimately discharged because of my complaint. I was told that I was discharged because I didn't tell the GM that I was going to lunch early, however that was never the policy.

I believe I have been discriminated against based on Retaliation in violation of Title VII of the Civil Rights Act of 1964 for my engagement in protected activity in reporting sexual harassment to my employer.

As J.H.O.C. notes in its motion, this charge is limited to sex-based discrimination and retaliation.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with

the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)).  In evaluating exhaustion, the Court considers the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." *Pacheo v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *see Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013) (affirming dismissal where "investigation into [the plaintiff's] race- and age-based discrimination charges would not reasonably lead the EEOC to investigate sex or culture discrimination charges").

Here, Pittman's EEOC charge mentions only sexual harassment and retaliation.  In Response to J.H.O.C.'s motion, she insists that her *Complaint* invokes Title VII—to include race, color, sex, religion, and national origin discrimination—and the Age Discrimination in Employment Act.  Pl.'s Resp. [9] at 5.  But she offers no analysis explaining why a cite to Title VII in her civil complaint satisfies Title VII's pre-suit exhaustion requirements.  Nor does she explain how an EEOC investigation into race, religion, national origin, or disability discrimination could have "grow[n] out of" her charge describing sexual harassment (and retaliation for complaining about that harassment).  *Pacheco*, 448 F.3d at 789.   Accordingly, J.H.O.C.'s motion to dismiss unexhausted claims is granted.

III.     Conclusion

The Court has considered all arguments; those not specifically addressed would not have changed the result.  For the reasons stated, J.H.O.C.'s motion to dismiss due to insufficient

5

service of process is denied, and its motion to dismiss the race- and disability-discrimination claims as unexhausted is granted.[1]

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2022.

                                                   s/ *Daniel P. Jordan III*
                                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even after this ruling, there remains a disconnect between the pleaded facts and the asserted causes of action. The facts mention sex-based discrimination and retaliation, but the causes of action appear to be race based. There is no motion to dismiss for that reason, but to avoid confusion going forward, Pittman should consider seeking consent (or leave of Court) to amend under Federal Rule of Civil Procedure 15(a).